I respectfully decline to join in the majority's instruction to reinstate the Board's decision. I believe our review in this case requires a two step analysis: 1) whether the trial court abused its discretion in finding that the punishment was unreasonable and unsupported by the preponderance of substantial, reliable and probative evidence, and 2) whether the trial court abused its discretion in substituting its judgment for that of the Board when it modified the expulsion from eighty days to forty days.
The trial court upheld the expulsion on the basis that Forbes had engaged in a second physical confrontation at the school, but modified the expulsion from eighty days to forty days. Appellant argues that, "[o]nce the trial court upheld the board's finding that Forbes participated in the second fight, the court exceeded its authority in reducing the discipline imposed for that fight." The Board reasons that it "had the authority to decide to expel Forbes for eighty days and the trial court was bound to affirm this decision." It appears that the majority accepts appellant's assertion that a court is without authority to review the disciplinary action taken by the Board once a court finds that the offense was committed, because the majority fails to distinguish the trial court's finding that "the maximum period of time allowed by R.C. 3313.66(B) is unreasonable and unsupported by the * * * evidence[,]" from the court's modification of the punishment.
This Court has previously stated that the severity of a disciplinary action is appealable, and that a particular disciplinary action may be "so disproportionate to the [offender's] transgressions that the discipline constitutes an abuse of discretion[.]" Turner v. Green Local School Dist. Bd. ofEdn. (May 1, 1985), Summit App. No. 11957, unreported; Kmet v.Industrial Comm. of Ohio (Feb. 13, 1985), Summit App. No. 11835, unreported.
I would affirm the trial court's finding that the hearing officer's decision to uphold the maximum period of time allowed by R.C. 3313.66(B) is unreasonable and unsupported by the preponderance of substantial, reliable and probative evidence submitted to the hearing officer. The majority reasons that the Board's decision was not unreasonable and was supported by a preponderance of substantial, reliable and probative evidence because: 1) the school's policy of expelling students after they engage in a second fight is "memorialized in the student handbook," and 2) instead of entering the confrontation, Forbes could have "report[ed] the incident to school officials so that they could address the situation." The majority fails to recognize that the student handbook has not memorialized the disciplinary action that will be taken for each violation of each rule; rather, the handbook only sets forth the maximum allowable punishment. The handbook states that "[e]xpulsion may be for a period not to exceed 80 days." Further, I am unclear as to why the majority feels that the best alternative Forbes could have taken would have been to tell school officials. The record indicates that Forbes previously had told school officials that she had been repeatedly harassed by this same student and there is no evidence that school officials attempted to remedy the situation.
The record in this case shows that Forbes was not the initial aggressor. Forbes attempted to prevent a fight between her friend and another student, and only became involved in a physical confrontation after being spit upon and struck by the other student. Further, the student handbook does not set forth the disciplinary actions that school officials will enforce when a violation of a school rule occurs. Accordingly, I would hold that the trial court did not abuse its discretion in finding that the severity of the punishment was not proportionate to the violation. Although I agree that a board must be given great latitude in dealing with its students, a board's disciplinary actions must be appealable. If not, nothing would preclude a board from arbitrarily or discriminatorily imposing sanctions on students.
Looking at the trial court's decision to modify Forbes' expulsion from eighty days to forty days, I would hold that the trial court abused its discretion in substituting its judgment for that of the Board. No evidence was presented to show that forty days was a reasonable punishment or that it is the customary number of days that the school imposes on students. In fact, there is no indication in the record of where or how the trial court arrived at forty days. Therefore, the trial court blatantly substituted its judgment for that of the Board. I would hold that the matter should be remanded to the Board for a determination of a more reasonable sanction.